Zobel, J.
This is an action for declaratory relief to determine whether Plaintiff must pay a $300,000 judgment in favor of John Hamel, Trustee of Polymer Realty Trust (“Polymer”). Polymer prevailed by jury verdict in the underlying action, Hamel v. Printed Circuit Design, Inc., Civil No. 90-3009 (Essex Super. Ct. May 27, 1994). Plaintiff and Polymer have filed cross-motions for summary judgment on the issue of insurance coverage.
The material undisputed facts are these: Printed Circuit Design, Inc. (“PCD”), a commercial manufacturer of printed circuit boards, leased the fifth floor of Polymer’s six-story building in Haverhill from July 1986 to October 1991. Plaintiff insured PCD under a *241 general liability policy between January 1986 and January 1988.
Polymer brought suit in 1989 alleging that PCD spilled water, chemicals, and/or hazardous waste on numerous occasions during the course of its business operations, which caused extensive damage to five floors of Polymer’s building. At trial, Polymer introduced evidence of repairs totalling $606,000, plus $1,800,000 loss-of-use damages for seven years’ lost rents.
After a one-week trial, the jury returned a verdict for Polymer in the amount of $300,000, but did not indicate how it reached that figure.
Plaintiff now denies any duty to pay Polymer for the underlying judgment, because: (1) PCD “expected or intended” the damages to occur, thus making the claim subject to a specific policy exclusion; (2) the policy excluded coverage for damage to rented or leased property; and (3) the policy having expired January 24, 1988, did not cover any damage occurring thereafter.
In response, Polymer argues: (1) the damages to the building, having resulted from PCD’s negligence, were neither expected nor intended, but rather accidental; (2) the policy’s rental exclusion does not apply to damage on those floors which PCD did not rent; and (3) most, if not all, of the damage to the building occurred by the fall of 1987, well within the coverage period.
Moreover, Polymer contends, Plaintiff failed to reserve its rights early enough to give Polymer timely notice of Plaintiffs possibly denying coverage. Therefore, Polymer suggests, Plaintiff has effectively waived (or is estopped from raising) any defense it may have had against the underlying judgment.
Addressing the estoppel/waiver question first, nothing in the record suggests that Plaintiff ever waived, implicitly of explicitly, defenses as to coverage. To the contrary, Plaintiff specifically reserved its rights vis á vis PCD two years before trial and outlined its litigation strategy in Polymer’s pending lawsuit against PCD. That Polymer may not have anticipated Plaintiffs challenge on the issue of insurance coverage does not equate to a waiver or establish an estoppel, Transamerica Insurance Group v. Turner Construction Co., 33 Mass.App.Ct. 446, 452 (1992).
On the relation of Polymer’s damages to the policy period, neither trial testimony nor submitted exhibits establish definitively the beginning or end of Polymer’s loss. The general verdict of course does not speak to this point. Because the timing of damages presents a question of fact critical to deciding whether the policy period had expired, neither side is entitled to summary judgment on this ground.
As to the insurance policy’s rental exclusion, again neither side merits summary judgment: The jury was not asked to segregate damages for property loss in and about the rented premises. Given the voluminous and conflicting evidence, attempting to decrypt the verdict is at best speculative.
Finally, Plaintiff argues persuasively that Polymer’s damages were “expected or intended,” rather than accidental. Plaintiff afforded coverage for damages resulting from an “occurrence,” defined in the policy as “an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended."
Quincy Mutual Fire Ins. Co. v. Abernathy, 393 Mass. 61, 84 (1984), interpreting almost identical policy language, indicated an exclusion of coverage when the insured specifically intended to cause the resulting harm or was substantially certain that the harm would occur.
Here, no one alleges that PCD specifically intended to damage Polymer’s building. The only issue is whether PCD should have been substantially certain that its actions would cause the damage which in fact occurred.
Although generally summary judgment is contraindicated when a party’s state of mind is at issue, in the present case it appears that, as a matter of law, PCD expected or intended the ensuing harm. Testimony at the trial provides uncontroverted support for this proposition, viz., that PCD was or ought to have been amply certain that its business operations would damage Polymer’s building.
Several witnesses testified to regular spills occurring at the PCD site throughout the lease period, and to the minor effort made to prevent the spills. Additionally, PCD regularly cleaned the spills by various means, taking responsibility for correcting leaks affecting floors below. Given the continuous and extensive nature of the spills and leaks, the inevitability of harm, at least to some degree of harm was plain. See Smartfoods, Inc. v. Northbrook Property & Casualty Co., 35 Mass.App.Ct. 239, 242 (1993). Moreover, although PCD may not have been able to gauge the precise extent of the damage, it was substantially certain, as a matter of law, that some harm would occur. As such, the damage to Polymer’s building falls outside of the meaning of an “occurrence,” and is therefore excluded from coverage, ibid.
ORDER
Accordingly, it is Ordered, that Defendant Polymer’s Motion for Summary Judgment be, and the same hereby is, Denied; and it is
Further Ordered, that Plaintiffs motion for Summary Judgment be, and the same hereby is, Allowed; and it is
Further that judgment enter as follows:
It is Ordered, Adjudged and Declared that Plaintiff is not liable under Utica Mutual Policy No. SMP 4647 to pay any part of a judgment entered in favor of *242 Defendant John Hamel (as Tmstee of Polymer Realty Trust) against Defendant Printed Circuit Design, Inc. in an action lately pending in the Essex Superior Court, bearing number 90-3009 on the civil docket of said court, captioned Hamel v. Printed Circuit Design, Inc.